AUSTIN P. NAGEL, ESQ.
California State Bar #118247
GRACE E. FELDMAN, ESQ.
California State Bar #261936
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 388
San Ramon, CA 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor,
WELLS FARGO AUTO FINANCE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>BRIAN HAUB and<br>TARA HAUB,<br><br>    Debtors.<br>_____/ | Case No. 10-13397 AJ<br>(Chapter 13 Proceeding)<br><br>SECURED CREDITOR, WELLS FARGO AUTO FINANCE's OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN<br><br>**MEETING OF CREDITORS**:<br>Date: October 4, 2010<br>Time: 12:00 p.m.<br>Ctrm: United States Trustee<br>      777 Sonoma Avenue<br>      First Floor, Room 116<br>      Santa Rosa, CA 95403<br>**CONFIRMATION HEARING**:<br>Date: November 15, 2010<br>Time: 1:30 p.m.<br>Ctrm: 99 S. "E" Street,<br>      Santa Rosa, CA |

      WELLS FARGO AUTO FINANCE (hereinafter referred to as "Secured Creditor") objects to confirmation of the Chapter 13 Plan proposed hereunder by Debtors, BRIAN HAUB and TARA HAUB (hereinafter collectively referred to as "Debtor") on the following grounds:

///

1

1. On April 19, 2007, Debtors (as Buyer and Co-Buyer) entered into a written Retail Installment Sale Contract – Simple Interest Finance Charge (hereinafter referred to as "Security Agreement") with Hansel Ford Lincoln Mercury (as Seller) which evidenced Debtor's financed purchase of the 2007 Ford F150 pickup truck (Vehicle Identification Number 1FTPW14517KC66280) (hereinafter referred to as the "property"), which has become the subject of this action. The aforementioned Security Agreement was duly assigned by Hansel Ford Lincoln Mercury to Secured Creditor during the normal course of business on or about April 19, 2007.

2. Upon executing the Security Agreement, a true and correct photocopy of which is filed separately herewith and which is incorporated herein by reference, and by subsequently taking possession of the property which was being financed by Secured Creditor, Debtor agreed and became obligated to pay the sum of $43,667.15, with interest accruing at the contract rate of 13.31% per annum, for the financed purchase of the subject property. Further evidence of Secured Creditor's secured position is reflected on the Certificate of Title for the subject property, a true and correct photocopy of which is filed separately herewith and which is incorporated herein by reference.

3. Based upon information derived from the automated Kelley Blue Book Auto Market Report, a true and correct photocopy of which is filed separately herewith and which is incorporated herein by reference, pursuant to 11 U.S.C. §506(a)(2) the property is currently believed to have a retail, replacement value to Debtor of $26,110.00. This is the value indicated for collateral of this year, make, model and general features in the reference guide most commonly used source of valuation data used by Movant in the ordinary course of business for determining the value of this type of collateral.

4. Secured Creditor objects to the $20,000.00 valuation allocated to its secured collateral under Debtor's proposed Plan in that should Secured Creditor be forced to accept the low valuation of its secured claim hereunder, Secured Creditor's security interest will be severely diminished on collateral which already depreciates at a rapid rate during the normal course of its use.

5. The value allocated to Secured Creditor's collateral under Debtor's proposed Plan is substantially below the value given in the *Kelley Blue Book*. In the absence of further evidence explaining the valuation discrepancy, Secured Creditor contends that Debtor has not satisfied the burden under 11 U.S.C. §506(a)(2). Based thereupon, Debtor's proposed Plan does not comply with 11 U.S.C. §1325(a) because it does not pay Secured Creditor the present value of its secured claim and, therefore, Debtor's Plan cannot be confirmed as is presently proposed.

6. Secured Creditor further objects to the $375.15 monthly adequate protection payments offered it under Debtor's proposed Plan in that the value of Secured Creditor's security will depreciate at a much higher rate than that at which Secured Creditor will receive adequate protection payments under the Plan.

7. Secured Creditor believes that if it is forced to accept its inclusion under Debtor's Plan as is presently proposed, Secured Creditor will be prejudiced by its position thereunder and Secured Creditor will continue to suffer substantial, mounting losses.

WHEREFORE, SECURED CREDITOR RESPECTFULLY MOVES:

1. That confirmation of this Chapter 13 Plan be denied; or, in the alternative;

2. That Debtor's Plan hereunder be amended in order to allow Secured Creditor to receive the fully secured sums that are due and owing to it. More specifically, the replacement value to Debtor of the property should be set at $26,110.00; and Secured

3

Creditor to be fully secured for the $25,874.31 due and owing on the account at the time of filing.

  3. That Debtor's Plan hereunder be amended in order to allow Secured Creditor to receive pre- and post-confirmation adequate protection payments of no less than $495.00 per month.

Dated: September 23, 2010    LAW OFFICES OF
               AUSTIN P. NAGEL

WELLAF.853         /s/ Grace E. Feldman
               Attorneys for Secured Creditor,
               WELLS FARGO AUTO FINANCE